## CHILDS v. STATE.  (4 Div. 104.)

(Court of Appeals of Alabama.  May 25, 1926. Rehearing Denied Sept. 7, 1926.)

**1. Homicide ☞77.**

Where defendant willingly entered combat and continued it until he had mortally wounded deceased, although he had reasonable opportunity to withdraw, conviction of first degree manslaughter was proper.

**2. Criminal law ☞363.**

In prosecution for homicide growing out of collision of vehicles at night, testimony that there were no lights on car carrying defendant was proper as part of res gestæ.

**3. Criminal law ☞670—That counsel proposed to show what parties did at time they first stopped and their condition when they came back held insufficient to show error in sustaining objection to question.**

In prosecution for killing growing out of collision of vehicles at night, where defendant's witness testified that two buggies stopped in front of his house and he heard voices of persons and saw mules, and later it looked like same mules came back, sustaining state's objection to question as to whether it looked like same mules and same persons that went on before was proper, as against statement of counsel that it was proposed to show what parties did at time they first stopped and their condition when they came back.

**4. Criminal law ☞670.**

Excluding testimony, relevancy of which to issue being tried is not made to appear, is not error.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Homicide ⬤⟹158(2).**

Excluding statement by deceased, a year or eighteen months before killing, that, if it was defendant who carried boys away from tent, there would be trouble, was not error.

**6. Criminal law ⬤⟹695(2)—Overruling general objection to state's question as to defendant's character for peace and quietude held not error, in view of opportunity to cross-examine.**

Overruling general objection to state's question as to defendant's character for peace and quietude, in absence of specifying ground later urged that question was not confined to time prior to difficulty, was not error, in view of fact that defendant had opportunity to cross-examine witness.

**7. Criminal law ⬤⟹1178.**

Under statute, on appeal, court will examine all questions raised on record and by bill of exceptions, even if not urged.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Dan Childs was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Mulkey & Mulkey, of Geneva, for appellant.

The threat made by deceased against defendant should have been admitted. Pulliam v. State, 88 Ala. 1, 6 So. 839. Evidence of bad character of accused must be confined to the time of and anterior to the commission of the offense. Carter v. State, 4 Ala. App. 72, 59 So. 222. Counsel discuss the other questions raised and treated, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Evidence as to lights on the car driven by defendant was relevant and admissible. State v. Quarles, 158 Ala. 57, 48 So. 499. There is no error in sustaining objections to questions not patently relevant, where the party offering does not attempt to show the relevancy of the testimony sought. Knight v. State, 160 Ala. 58, 49 So. 764. Evidence as to what was said by deceased at the tent did not constitute a threat. Knight v. State, supra. Evidence of defendant's character was properly admitted. Dolan v. State, 81 Ala. 11, 1 So. 707; Noel v. State, 161 Ala. 25, 49 So. 824.

RICE, J. [1] Defendant and another were driving along in a car in the nighttime, when they came upon deceased and some companions in a buggy. In attempting to pass the buggy, the fender and running board of the car grazed the wheel of the buggy. Some rather uncomplimentary remarks were exchanged by defendant and the deceased, whereupon both debarked and engaged in a fight. Deceased appears to have wielded some "knucks" at some stage of the affray.

It appears also that the participants tired of their exertions, and stopped to rest, at which time defendant called upon his companion to provide him with something in the nature of a weapon, asserting his inability to do any damage to his foe unarmed. The companion gave defendant a knife, with which he reopened the affray and administered to the deceased the lethal thrust.

Taking the whole evidence in the light most favorable to defendant, the conclusion is inescapable that he willingly entered the combat and continued it until he had mortally wounded his antagonist, and further that there was reasonable opportunity for him to have withdrawn with safety to himself. The verdict was guilty of manslaughter in the first degree and the sentence was the minimum for this degree of homicide.

Able counsel for appellant have assigned four errors and argue them in brief. We treat them in their order.

[2] A witness for the state was permitted to testify, over defendant's objection, that there were no lights on the car in which the defendant was riding. With this ruling we find no fault; the matter was clearly of the res gestæ.

[3, 4] One of defendant's witnesses testified that on the night of the difficulty two buggies stopped in front of his house; that he did not know who the persons were but heard their voices and saw the mules; that later on it looked like the same mules came back. He was then asked: "And it looked like the same mules and the same persons that went on before?" The state's objection to this question was sustained and the defendant reserved an exception. The statement of counsel, that it was proposed to show what these parties did at the time they first stopped and their condition when they came back, fails to disclose the utility of the proffered testimony. What was proposed to be shown should have been more specific. The trial court will not be put in error for excluding testimony, the relevancy of which to the issue being tried is not made to appear.

[5] It is next complained that the court erred in excluding, on motion of the state, certain testimony of a witness for defendant. This witness testified that one night at a tent there were some boys cutting up and defendant carried them off, and that deceased, speaking of the matter, stated "that, if it was him, there would be trouble." The words in quotation were excluded. It appears that this occurrence was a year or eighteen months before the difficulty. The words excluded did not constitute a threat, and shed no light upon the main fact. There was no error in this ruling.

[6] Lastly, it is insisted that the court erred in overruling defendant's objection to a question by the state calling for the defend-

ant's character for peace and quietude, it being urged in brief that the question was not confined to the time prior to the difficulty. The objection was general, did not specify ground now urged. Hence, there was no error in this ruling. Moreover, defendant had the opportunity, if it was apprehended that the witness might be influenced, in gauging defendant's general character by the fact of the difficulty, to cross-examine the witness in this particular.

[7] We have thus treated the only questions urged. Mindful, however, of our statutory duty, we have examined all other questions raised on the record and by the bill of exceptions. In them we have found no error, nor have we discovered any ruling of sufficient moment to require separate treatment.

The judgment is affirmed.

Affirmed.